UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS LEE COLLINS,

        Petitioner,

v.

        Case Number 07-12768-BC
        Honorable Thomas L. Ludington

DOUG VASBINDER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Thomas Lee Collins, a state inmate currently[1] incarcerated at the Chippewa Correctional Facility in Ypsilanti, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury in Lake County Circuit Court convicted Petitioner of armed robbery, Mich. Comp. Laws § 750.529. The state trial court sentenced the petitioner to thirteen years and eight months to thirty years imprisonment. Petitioner alleges that he is entitled to habeas relief because his waiver of his right to counsel was involuntary, he was denied his right to counsel

---

[1] Petitioner was incarcerated at the G. Robert Cotton Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Chippewa Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

of choice and the trial court improperly departed from the minimum sentence established under the sentencing guidelines. Respondent has filed an answer asserting that Petitioner is not entitled to habeas relief because his claims are either procedurally defaulted, non-cognizable, or without merit. Because Petitioner's claims lack merit, the Court will deny the petition.

I

Petitioner represented himself with the aid of standby counsel during a two-day trial; a jury convicted him of armed robbery, which carries a statutory maximum sentence of life in prison. Mich. Comp. Laws § 750.529. The sentencing guideline range for Petitioner was four years three months to seven years one month. The trial court sentenced Petitioner on July 11, 2001 to eighteen years nine months to thirty years in prison. Petitioner filed a motion for a new trial or resentencing, arguing that his waiver of his right to counsel was unknowing and unintelligent. On January 17, 2002, the trial court found that Petitioner knowingly and voluntarily waived his right to counsel but that he was entitled to resentencing because of a miscalculation in offense variables. The court resentenced Petitioner on February 2, 2002 to thirteen years eight months to thirty years in prison.

Petitioner filed a direct appeal arguing that his waiver of counsel was unknowing and that the trial court clearly erred in departing upward from the minimum sentence under the sentencing guidelines. After setting forth the constitutional requirements for a knowing and voluntary waiver of the right to counsel and after reviewing the record, the Michigan Court of Appeals rejected the first claim:

> We are satisfied that the trial court adequately apprised defendant of the risks of self-representation [and substantially complied with state waiver procedures]. . . . In view of defendant's conduct and his statements to the court, we are satisfied that defendant's waiver of his right to counsel and decision to represent himself was knowingly, intelligently, and voluntarily made.

*People v. Collins*, Nos. 235552 & 239913, 2002 WL 31950753, *2-4 (Mich. Ct. App. Dec. 10, 2002).

The court also rejected Petitioner's sentencing challenge which was based purely on the state law claim that the court lacked "substantial and compelling reasons" under Mich. Comp. Laws §769.34(3) to depart from the sentencing guidelines.

> We conclude that the factors supporting the departure from the guidelines are objective and verifiable, and that the trial court did not clearly err in finding that such factors exist in this case. During trial, defendant revealed that he had been involved in criminal activity for which he had never been caught . . . . With respect to the trial court's characterization of defendant as a "major" drug dealer, the record evidence supports the court's finding . . . . Although defendant denied that his escort service involved prostitution, the evidence suggests otherwise . . . . On the basis of the record before us, the trial court did not clearly err in finding substantial and compelling reasons to depart from the guidelines. We find no abuse of discretion in defendant's sentence.

*Id.*, at *5.

The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Collins*, 688 N.W.2d 503 (Mich. 2004).

Petitioner subsequently filed a post-conviction motion with the state trial court. The motion raised the same claims raised in his earlier direct appeal and the state trial court denied the motion pursuant to M.C.R. 6.508(D)(2), which prohibits relief on grounds that were previously decided against a defendant. Petitioner filed an application for leave to appeal the trial court decision, which the Michigan Court of Appeals denied as untimely on April 21, 2006. Petitioner next filed a motion for reconsideration of that decision in light of *United States v. Booker*, 543 U.S. 220 (2005), which he argued involved a retroactive change in the existing law and merited reconsideration of the earlier appellate decision. The Michigan Court of Appeals denied the motion for reconsideration, concluding that *Booker* did not involve any change in law but only in the application of *Apprendi*

and *Blakely*. *People v. Collins*, No. 269435 (Mich. Ct. App. Jun. 15, 2006). The Michigan Supreme Court denied leave to appeal on October 31, 2006. *People v. Collins*, 722 N.W.2d 827 (Mich. 2006).

Petitioner raises the following claims in his petition:

I. Petitioner did not voluntarily waive his Sixth Amendment right to counsel and was denied his right to counsel of choice.

II. The trial court departed upwards from the minimum sentence recommended under the sentencing guidelines based upon information provided by defendant but not facts found true by a jury beyond a reasonable doubt. This departure violated the rules set forth by the Supreme Court in *Apprendi, Blakely* and *Booker*.

II.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the assistance of counsel, *Powell v. Alabama,* 287 U.S. 45, 53 (1932), and gives an indigent criminal defendant the right to the assistance of court-appointed counsel, *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). The Sixth Amendment also grants a criminal defendant the right to self-representation, if he voluntarily and intelligently elects to so proceed. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 153 (2000); *Faretta v. California*, 422 U.S. 806, 819 (1975). A waiver of the right to counsel must be voluntary, knowing, and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *Faretta*, 422 U.S. at 835; *Jones v. Jamrog*, 414 F.3d 585, 593 (6th Cir.2005). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Tovar*, 541 U.S. at 92.

The Sixth Amendment right to counsel encompasses the right to counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). This right is generally cognizable only to the

extent a defendant can retain counsel with private funds; an indigent defendant does not have a right to choose appointed counsel. *Id.* at 151. The right to counsel of choice is not absolute as a trial court has wide latitude in balancing the right against the needs of fairness and against the demands of its calendar. *Id.* at 152 (citing Morris *v. Slappy*, 461 U.S. 1, 11-12 (1983)).

Throughout his petition, and in contrast to what he argued on direct appeal, Petitioner contends that he was forced to represent himself because the trial court refused to allow him to retain the counsel of his choice. Petitioner is not arguing that he did not appreciate the rights he was waiving when he chose to represent himself. Indeed, in a "collateral attack on an un-counseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Tovar*, 541 U.S. at 82 (faulting a petitioner asserting an unknowing waiver for failing to allege that he did not fully understand the charge or the punishment prior to pleading guilty after waiving counsel). Petitioner has not carried that burden and is simply not making the argument that his waiver was unintelligent or unknowing. Instead, Petitioner asserts that he had no choice but to represent himself because he was unhappy with appointed counsel and the judge denied him his counsel of choice.

Respondent argues that this claim is procedurally defaulted because Petitioner did not raise it before the state courts. If a petitioner failed to present federal habeas claims to the state courts in accordance with the state's procedural rules, such claims are procedurally defaulted and federal habeas review is barred. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citations omitted). However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir.2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the

[other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525; *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

The record in this case shows that the trial was originally scheduled to commence on February 28, 2001. Petitioner moved for substitution of counsel. During a hearing on the motion on February 20, 2001, Petitioner informed the trial court that he wished to retain different counsel, Mr. Beason, in place of appointed counsel Schrop:

> And as far as the situation with Mr. Beason, I wasn't asking the court to appoint him as my attorney; I was letting – trying to let the Court know that I am in the process of obtaining him as an attorney. I have talked with Mr. Beason about my case. Only thing I'm waiting on now is for the retainer to be paid to Mr. Beason. And that's why I filed a motion to have Mr. Schrop removed, so I could pay for my own attorney defense – in my own defense.

Mot. Tr., 6, Feb. 20, 2001. At Petitioner's request, the court adjourned the trial date to allow time for Petitioner to retain Mr. Beason. *Id.* at 8. The court cautioned Petitioner that the trial would go forward at the rescheduled date, which the court estimated would be in sixty to ninety days. *Id.* The court admonished Petitioner to cooperate with Mr. Schrop until he could retain Mr. Beason. *Id.* at 9.

The court rescheduled the trial to begin on May 9, 2001. On the first day of trial, Petitioner indicated his desire to represent himself as he was unable or had failed to retain Mr. Beason. Trial Tr. vol. I, 5, May 9, 2001. Petitioner had not cooperated with appointed counsel Schrop before or after the February 20, 2001 hearing. *Id.* at 5-7. Despite the court and Mr. Schrop advising Petitioner

against representing himself, Petitioner made that choice. *Id.* at 8.

Petitioner argues "in a nutshell" that the court forced him to "either go with an attorney in which Petitioner was dissatisfied with or represent himself" and denied him a "fair opportunity to secure counsel of his choice." Pet. at 25. Petitioner asserts that because he was "forced not to retain his own counsel, his waiver was not of free will." *Id.* at 29.

The trial court gave Petitioner the opportunity to retain counsel of his choice when it adjourned the first trial date and rescheduled it to commence nearly three months later. The court advised Petitioner that the trial would go forward on the rescheduled date and that he could either retain counsel, proceed with appointed counsel, or represent himself. Mot. Tr. at 7, 9. The trial court did not deny Petitioner the right to counsel of his choice. *See Lockett v. Arn*, 740 F.2d 407, 413 (6th Cir. 1984) (trial court has discretion in deciding to grant continuance, and right to counsel of choice must be balanced against court's authority to control its docket).

Nor was Petitioner's decision to waive counsel and represent himself coerced or involuntary. Petitioner asserts that because appointed counsel was not prepared to commence trial he had no choice but to choose to represent himself. *See* Mot. Tr. at 5 (appointed counsel states that he is "ill-prepared to commence."). Appointed counsel was unprepared only because Petitioner refused to cooperate with him. Petitioner wanted to retain counsel. When that did not work out, he chose to represent himself. There is no evidence of coercion in the record. Petitioner's decision was voluntary. *See Jamrog*, 414 F.3d at 592 (where discovery rules precluded counsel from giving defendant access to evidence, defendant's choice to represent himself so he could obtain access held not coerced or involuntary). Petitioner's waiver of his right to counsel was voluntary, intelligent and knowing. Petitioner is not entitled to habeas relief on this claim.

B

In his second claim, Petitioner argues that by relying on facts not found by the jury to depart upwards from the minimum sentence calculated under the sentencing guidelines, the trial court violated clearly established Supreme Court precedent. The court's reasons for its departure were that:

> during the course of [Petitioner's] trial on the armed robbery charge, [Petitioner] exposed the fact that he is a major drug dealer as well as being involved in prostitution. [Petitioner] continues to demonstrate that he cannot live in society without engaging in serious criminal behavior. He will not change his criminal lifestyle and puts others at risk.

Sent. Tr., 10. Feb. 19, 2002. In Michigan, a defendant's maximum sentence is set by statute and the minimum sentence is based on the applicable sentencing guidelines ranges. *Coffel v. Stovall*, No. 07-11927, 2007 WL 1452918, at *3 (E.D. Mich. May 15, 2007).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court held "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. The Court in *Booker* held that *Blakely* applies to the federal sentencing guidelines. *Booker*, 543 U.S. at 226-27. The *Apprendi* rule is not triggered if a defendant is sentenced below the prescribed statutory maximum. *Harris v. United States*, 536 U.S. 545, 567-69 (2002). The *Booker* decision did not alter this principle.

Petitioner does not dispute that the maximum statutory punishment for armed robbery in Michigan is life. Petitioner's motion for reconsideration of the trial court's denial of his post-

conviction motion was based upon the Supreme Court decision in *Booker*. However, Petitioner's argument was and is that the court violated the *Apprendi* principle when it departed upwards from the guidelines minimum. The *Apprendi* principle is simply not triggered because the trial court did not exceed the statutory maximum sentence authorized for a conviction of armed robbery. *Harris*, 536 U.S. at 557 (any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict is one for the jury; the same cannot be said of a fact increasing the mandatory minimum that does not extend the sentence beyond the statutory maximum); *see also Montes v. Trobmley*, __ F.3d __, No. 08-2521, 2010 WL 935369 (6th Cir. Mar. 17, 2010) (noting that *Apprendi*, *Blakely*, and *Booker* are not implicated by Michigan's indeterminate sentencing system). Because the trial court did not exceed the maximum statutory sentence, there is no *Apprendi* violation and Petitioner is not entitled to habeas relief on this claim.

III.

The Court finds that the state courts' decisions in this case were not contrary to federal law, and did not involve an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner has not established that he is presently in custody in violation of the Constitution or the law of the United States and the Court will deny the petition for a writ of habeas corpus.

In accordance with recently amended Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, this Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected constitutional claims on the merits, the substantial showing

threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a claim on procedural grounds, a certificate of appealability "should issue when a prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

For the reasons set forth in this opinion, the Court finds that reasonable jurists would not find the Court's decision to deny the petition on substantive grounds debatable or wrong. The Court will therefore deny a certificate of appealability on all claims. Additionally, any appeal would not be taken in good faith, and permission to proceed in forma pauperis on appeal will also be denied. Fed. R. App. P. 24(a)(3).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a Certificate of Appealability is **DENIED** with respect to all claims.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: April 13, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS